## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SANKET VYAS,

      Plaintiff,

v.                              Case No: 8:22-cv-1515-CEH-JSS

TAGLICH BROTHERS, INC. and
TAGLICH PRIVATE EQUITY, LLC,s

      Defendants.

_____

## <u>ORDER</u>

This cause comes before the Court on Defendants' Motion to Stay Proceedings under the *Colorado River* Abstention Doctrine (Doc. 18). Defendants seek a stay pending the resolution of a lawsuit that was previously initiated in New York state court (the "Parallel Action"). *Id.* at 1. Plaintiff opposes a stay and Defendants have submitted a reply. Docs. 34, 39. On May 5, 2023, Plaintiff notified the Court that the Parallel Action had been removed to federal court, and that the Southern District of New York had entered an order staying all proceedings in the matter. Doc. 73. As such, because a stay under *Colorado River* is only appropriate when there are parallel federal and state actions, Defendants' motion is due to be denied.

## I.    BACKGROUND

In this matter, Plaintiff Sanket Vyas, as liquidating agent for and on behalf of Q3I, L.P., ("Q3I") sues Taglich Brothers, Inc. and Taglich Private Equity, LLC ("the

Taglich Entities"). Doc. 48. Q3I was a cryptocurrency investment club which, as relevant to the claims in this case, was defrauded to the tune of $35 million by one of its managers. *Id.* ¶¶ 1–7. According to the Complaint, Vyas is responsible for winding up Q3I's affairs and marshaling and liquidating its assets and claims. *Id* ¶ 7.

Defendant Taglich Brothers, Inc. is a New York brokerage firm that provides investment banking and equity market research services. Doc. 18 at 3. Defendant Taglich Private Equity is a private equity firm also based in New York. *Id.* According to the Complaint, Q3I hired non-party Denis McEvoy, a Taglich employee, as its fund administrator. Doc. 48 ¶ 5. McEvoy was allegedly responsible for protecting Q3I from fraudulent activity, among other things. *Id.* Plaintiff asserts that McEvoy appeared to be acting on behalf of the Taglich Entities at all relevant times and claims they did not properly supervise McEvoy's work. *Id.* ¶¶ 23–47. Plaintiff brings three claims against the Taglich Entities: breach of fiduciary duty, gross negligence, and common law negligence. *Id.* ¶¶ 49–63.

This case was filed on July 5, 2022. Doc. 1. Subsequently, the Court issued an order to show cause, noting that Plaintiff had insufficiently pled the citizenship of the Parties. Doc. 41. Plaintiff filed an Amended Complaint which cured the deficiencies. Doc. 48. Defendants have since filed a motion to dismiss and a motion to stay discovery. Docs. 52, 67.

In December 2020, over a year and a half before this case began, a related lawsuit was filed in New York State Supreme Court. Doc. 18 at 4–5. In that action, Q3 Investments Recovery, LLC, an investment recovery vehicle representing 73 Q3I

investors, sued the Taglich Entities, McEvoy, and Signature Bank.[1] The Parallel Action seeks to hold the Taglich Entities vicariously liable for McEvoy's work as a fund administrator and brings claims for breach of fiduciary duty, common-law negligence, and gross negligence. Doc. 18-2 ¶¶ 79–100. In January 2023, the Parallel Action was dismissed with prejudice, which the state court plaintiff has appealed. *See* Docs. 57, 57-1, 57-2.

Defendants argue that a stay of the case is appropriate under the abstention doctrine set forth in *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). First, they argue that the two cases are "parallel proceedings" for purposes of *Colorado River*. Doc. 18 at 10–11. Next, they assert that the *Colorado River* factors favor a stay because: (1) the Middle District of Florida is an inconvenient forum; (2) there is a substantial risk of piecemeal litigation if both actions proceed; (3) the New York court first acquired jurisdiction; (4) New York state law governs this dispute; and (5) the instant case is reactive to the New York action. *Id.* at 12–17. Defendants argue that the remaining factors are neutral. *Id.* at 17. Defendants also filed an unopposed Motion and Request for Judicial Notice in support of its Motion to Stay (Doc. 19) which asks the Court to take judicial notice of the docket and court records from the Parallel Action.

---

[1] *See Q3 Investments Recovery Vehicle, LLC v. Taglich Brothers, Inc., et al.,* Index No. 657090/2020 (Supreme Court of New York County of New York). The docket is available at: https://iapps.courts.state.ny.us/nyscef/DocumentList?docketId=O99ukVC9Gf/Z7LbrHi3 BZg==&display=all&courtType=New%20York%20County%20Supreme%20Court&results PageNum=1

Plaintiff Vyas opposes a stay. *See* Doc. 34. On January 19, 2023, Defendants filed a notice informing the Court that the Parallel Action had been dismissed with prejudice and is on appeal, which they claim further supports a stay. Doc. 57. Plaintiff filed a response, arguing that the Parallel Action has no bearing on this case. Doc. 62. On April 13, 2023, the appeal in the Parallel Action was removed to the United States District Court for the Southern District of New York by the Federal Deposit Insurance Corporation, as receiver for Signature Bank, a defendant in the Parallel Action. Doc. 73-1.

## II.   DISCUSSION

Under *Colorado River*, the Court begins its analysis by deciding whether the federal and state proceedings involve "substantially the same parties and substantially the same issues." *Ambrosia Coal & Const. Co. v. Pages Morales,* 368 F.3d 1320, 1330 (11th Cir. 2004). Then, it considers a flexible multi-factor test to determine whether a stay is appropriate. The factors are "(1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights." *Id.* at 1331. The Court also considers "the vexatious or reactive nature of either the federal or the state litigation." *Id.*

Here, the Court will deny the motion for a stay based on the threshold issue of whether the instant case is substantially similar to a state court case. Because the

4

Parallel Action has been removed to federal court, there is no relevant state litigation to consider, and *Colorado River* does not apply. *Ambrosia Coal,* 368 F.3d at 1330. Under *Colorado River,* two actions need not involve identical parties and issues to be parallel proceedings. *Id.* at 1329–30 (rejecting argument that "*Colorado River* abstention is permissible only when the relevant federal and state cases share identical parties, issues, and requests for relief.") Nevertheless, the parallel proceeding must be in state court for the doctrine to apply. *Id.* Here, the Parallel Action has been removed to federal court and stayed. Docs. 73, 73-1, 73-3. Thus, the Court will deny Defendants' motion.

Accordingly, it is **ORDERED**:

1. Defendants' Unopposed Motion and Request for Judicial Notice in Support of the Motion to Stay (Doc. 19) is **GRANTED.**

2. Defendants' Motion to Stay Proceedings under the *Colorado River* Doctrine (Doc. 18) is **DENIED.**

**DONE** and **ORDERED** in Tampa, Florida on July 6, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties